**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **EP ENERGY E&P COMPANY, L.P.** | § | **Case No. 19-35647 (MI)** |
| **Reorganized Debtor.**[1] | § | |

**MOTION OF REORGANIZED DEBTOR FOR ENTRY OF**
**FINAL DECREE AND ORDER CLOSING REMAINING CHAPTER 11 CASE**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

EP Energy E&P Company, L.L.C. f/k/a EP Energy E&P Company, L.P., as the debtor in the above-captioned chapter 11 case ("**EPLP**" or the "**Debtor**" and, as reorganized, the "**Reorganized Debtor**"), respectfully represents the matters set forth below in support of this motion (the "**Motion**"):

## Background

### A. General Background

1. On October 3, 2019 (the "**Petition Date**"), the Debtor and certain of its affiliates (collectively, the "**Debtors**" and, as reorganized, the "**Reorganized Debtors**")[2] each

---

[1] The Reorganized Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is EP Energy E&P Company, L.P. (7092). The Reorganized Debtor's primary mailing address is 601 Travis St., Suite 1400, Houston, TX 77002.

[2] On December 28, 2020, the Bankruptcy Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* (Docket No. 1587) (the "**Initial Case Closing Order**") closing the chapter 11 cases for the following Reorganized

commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. During their pendency, the Debtors' chapter 11 cases were jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**B. Confirmation of Plan and Occurrence of Plan Effective Date**

2. On August 24, 2020, the Debtors filed the *Modified Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors* (Docket No. 1399, Exhibit A, Case No. 19-35654) (the "**Plan**").[3]

3. On August 27, 2020, the Court entered the *Proposed [sic] Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis, (II) Confirming Modified Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors and (III) Granting Related Relief* (Docket No. 1411, Case No. 19-35654) (the "**Confirmation Order**").

4. On October 1, 2020 (the "**Plan Effective Date**"), the Plan became effective and the Debtors emerged from bankruptcy as the Reorganized Debtors. On the same date, the Reorganized Debtors filed the *Notice of (I) Effective Date, (II) Entry of Order Approving Disclosure Statement On Final Basis, and (III) Entry of Order Confirming Modified Fifth*

---

Debtors: EP Energy Corporation; EPE Acquisition, LLC; EP Energy LLC; Everest Acquisition Finance Inc.; EP Energy Global LLC; EP Energy Management, L.L.C.; and EP Energy Resale Company, L.L.C.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

*Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors* (Docket No. 1454, Case No. 19-35654).

5. As contemplated and required by the Plan and the Confirmation Order, all documents and agreements necessary to implement the Plan were executed in accordance with the terms of the Plan and the Confirmation Order.

6. As of the date hereof, the Plan has been substantially consummated and all transactions and distributions required to be made under the Plan have been made in accordance with the terms thereof.

7. All expenses arising from the administration of the Reorganized Debtor's estate and chapter 11 case, including court fees and fees arising under 28 U.S.C. § 1930(a)(6) (the "**Section 1930 Fees**"), have been paid or will be paid in accordance with the Confirmation Order as and when such amounts become due. *See* Confirmation Order ¶ V.

**C. All Outstanding Claims Have Been Resolved**

8. Since the Plan Effective Date, the Reorganized Debtor has resolved all of the outstanding claims by mutually resolving proofs of claim and filing multiple omnibus objections covering scheduled liabilities and filed proofs of claim totaling approximately $449 million.

9. The only remaining claim listed on the claims register is a claim filed by Cox Oil, LLC. The Cox Oil, LLC claim has been resolved by the *Stipulation and Agreed Order Regarding Cox Oil, LLC Proof of Claim* filed at Docket No. 339, which provides for the withdrawal of such claim in the proposed agreed order.

## D. Remaining Matters

10. The only remaining matters in this case are (i) the MSB Owners'[4] appeal of the District Court's order affirming this Court's order disallowing the MSB Owners' alleged administrative expense claim and (ii) an adversary proceeding seeking non-dischargeability of a relator's alleged qui tam claims.

11. ***MSB Appeals***. During its bankruptcy and the COVID-19 pandemic's onset, the Debtors shut in producing wells on mineral leases granted by the MSB Owners. Displeased by the cessation of production (and incident cessation of royalties), the MSB Owners sought allowance of an administrative priority claim against the Debtor's (*i.e.*, EPLP's) bankruptcy estate (the "**First Cessation Suit**"). The Court considered the briefing and heard argument at numerous hearings. On December 13, 2021, the Court issued a Memorandum Opinion and Order disallowing the MSB Owner's administrative claim (the "**MSB Administrative Claim Disallowance Order**"). The MSB Owners subsequently appealed the MSB Administrative Claim Disallowance Order to the United States District Court for the Southern District of Texas (the "**District Court**"). On October 1, 2024, the District Court entered an order affirming the Bankruptcy Court's decision (the "**District Court Order**"). On October 22, 2024, the MSB Owners appealed to the Fifth Circuit (the "**MSB Cessation Appeal**"). The MSB Cessation Appeal has been docketed in the Fifth Circuit, but briefing deadlines have not yet been set.

12. On March 31, 2022, almost a year and a half after the Administrative Bar Date, the MSB Owners filed a second lawsuit, this time in Texas state court, against the Debtor (*i.e.*, EPLP) and certain other Reorganized Debtors based on the same facts at issue in the First

[4] "**MSB Owners**" means Storey Minerals, Ltd., Storey Surface, Ltd., Maltsberger, LLC, Maltsberger/Storey Ranch, LLC, Maltsberger/Storey Ranch Lands, LLC, the Estate of Sarah Lee Maltsberger, and Rene R. Barrientos, Ltd..

Cessation Suit (the "**Second Cessation Suit**"). On April 6, 2022, the Reorganized Debtors removed the Second Cessation Suit pursuant to 28 U.S.C. § 1452(a), and through the proper procedures it came to this Court in adversary proceeding number 22-3141. On May 1, 2022, the Reorganized Debtor filed a motion to enforce the Plan and Confirmation Order as to the MSB Owners' violations of this Court's Plan and Confirmation Order. On June 14, 2022, this Court issued an opinion and order terminating the Second Cessation Suit and holding that the MSB Owners had violated the Plan and Confirmation Order (the "**Plan Enforcement Order**"). The MSB Owners subsequently appealed the Plan Enforcement Order to the District Court (the "**MSB Plan Enforcement Appeal**" and together with the MSB Cessation Appeal, the "**MSB Appeals**"). The MSB Plan Enforcement Appeal remains fully briefed and pending in the District Court.

13. ***Dischargeability Action***. On January 6, 2020 an undisclosed relator (the "**Relator**") commenced Adv. Proc. No. 20-03002 (MI) (Bankr. S.D. Tex.), seeking a determination that the Reorganized Debtor's debts arising from the Relator's claims on behalf the government against the Reorganized Debtor are not dischargeable under the applicable false claims act (the "**Dischargeability Action**"). The qui tam complaint attached to the Dischargeability Action (the "**Qui Tam Complaint**") was filed under seal in the relevant jurisdiction on or before February 7, 2020. The Debtors and the Relator agreed to language in the Confirmation Order staying the Dischargeability Action until the earlier of "the date on which (i) the applicable governmental authority elects whether to intervene in the action commenced by the filing of the Qui Tam Complaint, and (ii) either the Relator or the Debtors or Reorganized Debtors, as applicable, desire to lift the stay and proceed with the Dischargeability Action." *See* Confirmation Order ¶ 36. As of the date of this Motion, the Dischargeability Action has remained

stayed, and the Qui Tam Complaint remains under seal. A status conference before the Court in the Dischargeability Action is currently set for January 24, 2025.

14. Pursuant to the Initial Case Closing Order, the Court left open the Remaining Case to provide the Reorganized Debtors, among other things, the opportunity to finalize the process of resolving any outstanding claims. Since entry of the Initial Case Closing Order, all claims of creditors in these chapter 11 cases have now been paid or resolved, or will be resolved in the ordinary course of business, consistent with the relevant provisions of the Plan. After closing the Remaining Case, the Reorganized Debtor intends to defend the MSB Appeals in the Fifth Circuit and, if necessary, in any other court or jurisdiction. In addition, the Reorganized Debtor is in discussions with the Relator's counsel regarding the Qui Tam Complaint and hopes to resolve such complaint or otherwise agree on language to be included in the Final Decree and Order (as defined below) reserving the parties' respective rights in the Dischargeability Action. Except for the MSB Appeals and Dischargeability Action, there are no other substantive motions, contested matters, or adversary proceedings, to be resolved in the Remaining Case.

## Jurisdiction

15. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

16. Pursuant to section 350(a) of title 11 of the Bankruptcy Code and Bankruptcy Rule 3022, the Reorganized Debtor seeks entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Final Decree and Order**"), closing the remaining chapter 11 case of the Reorganized Debtor (the "**Remaining Case**").

## Basis for Relief

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

18. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Notes of the Advisory Committee on the 1991 amendments in respect of Bankruptcy Rule 3022 (the "**Advisory Committee Notes**") set forth certain factors that should be considered when evaluating whether a case has been fully administered. These factors are:

> (1) whether the order confirming the plan has become final;
>
> (2) whether deposits required by the plan have been distributed;
>
> (3) whether the property proposed by the plan to be transferred has been transferred;
>
> (4) whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;
>
> (5) whether payments under the plan have commenced; and
>
> (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Notes (1991).

19. Courts generally have used these six factors to determine whether a case has been fully administered. *See, e.g.*, *In re Clayton*, No. 96-20671, 1996 WL 661099, at *1–2 (5th Cir. Oct. 15, 1996) ("Although rule 3022 does not define 'fully administered,' the Advisory

Committee Notes provide some guidance, listing various factors a court should consider in determining whether an estate has been fully administered."); *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015) (analyzing Advisory Committee Notes); *In re Valence Tech., Inc.*, No. 12-11580-CAG, 2014 WL 5320632, at *3 (Bankr. W.D. Tex. Oct. 17, 2014); *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Conn. 2010); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997). Bankruptcy courts have adopted the view that "[t]hese factors merely serve as a guide, however, and each need not be present before the entry of a final decree." *In re Clayton*, 101 F.3d 697 (5th Cir. 1996) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. W.D. Ill. 1990)); *see also Jay Bee Enters.*, 207 B.R. at 538–39 ("Rule 3022 allows the court flexibility. It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid."); *Walnut Assocs.*, 164 B.R at 493 ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

20. In addition to the factors set forth in the Advisory Committee Notes, courts have also considered whether the plan has been substantially consummated. *See, e.g.*, *JCP Props.*, 540 B.R. at 605 ("[S]ubstantial consummation is the pivotal question here to determine the propriety of closing the [debtor's] case by Final Decree."); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (considering substantial consummation as a factor in determining whether to close a case); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of

the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

21. Bankruptcy Courts in this and other jurisdictions have granted a debtor's request to close cases despite pending appeals or adversary proceedings. *See, e.g.*, *In re GWI PCS 1 Inc.*, 230 F.3d 788, 799 n.21 (5th Cir. 2000) (noting the bankruptcy court had closed the debtors' bankruptcy estates prior to the district court's decision to dismiss the appeal from the confirmation order); *In re Clinton Nurseries, Inc.*, No. 17-31897 (JJT), 2020 WL 1237212, at *4–5 (Bankr. D. Conn. Mar. 6, 2020) (holding cases were fully administered despite an unresolved U.S. Trustee fee appeal and active adversary proceedings related to the unsecured claims trust); *In re Valence Tech.*, 2014 WL 5320632, at *3–4 (holding cases were fully administered despite pending appeals from fee orders).

22. Finally, courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees. *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

**<u>Circumstances Warrant Closing Remaining Case</u>**

23. These chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code making it appropriate for the Court to enter a final decree closing the Remaining Case. Among other things:

(1) the Confirmation Order has become final and is non-appealable and the Plan Effective Date has occurred;

(2) the Reorganized Debtors have emerged from chapter 11 as reorganized entities;

(3) all of the transactions contemplated by the Plan have closed;

(4) all payments required to be made pursuant to the Plan have been paid or will be paid;

(5) the distributions provided for under the Plan have been made or will be made in the ordinary course in accordance with the terms of the Plan;

(6) the Reorganized Debtors have assumed the business and management of the assets of the Debtors as reorganized entities; and

(7) the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

24. All of the factors described above demonstrate that these chapter 11 cases have been "fully administered" in accordance with the standards followed by courts in this jurisdiction.

25. All Section 1930 Fees have been paid or will be paid by the Reorganized Debtor in the ordinary course of business as and when such fees come due. Closing the Remaining Case will stop the accrual of Section 1930 Fees, which further supports approval of this Motion. *See, e.g.*, *Junior Food Mart*, 201 B.R. at 524; *Jay Bee*, 207 B.R. at 539.

26. The Court may enter a final decree closing the Remaining Case notwithstanding the pending MSB Appeals and Dischargeability Action. As set forth above, case law is clear that final resolution of all motions, contested matters, and adversary proceedings is only one of many factors the Court should consider and no single factor is determinative of the relief requested. Moreover, closing the Remaining Case will not prejudice the MSB Owners or the Relator. The Proposed Final Decree and Order is solely intended for administrative purposes and shall not affect the substantive rights of any party in interest, including the MSB Owners, the Relator, and the Reorganized Debtors.

27. Further, entry of the Final Decree and Order is without prejudice to the rights of the Reorganized Debtor or any other party in interest to seek to reopen the Remaining Case for cause pursuant to section 350(b) of the Bankruptcy Code. *See, e.g.*, *Citizens Bank & Tr.*

*Co. v. Case (In re Case*), 937 F.2d 1014, 1018 (5th Cir. 1991) (finding broad discretion in the phrase "for other cause"); *see also In re Valence Technology*, 2014 WL 5320632, at *4 (citing with approval *In re Statistical Tabulating Corp.*, 60 F.3d 1286 (7th Cir. 1995), for the proposition that "a bankruptcy court may reopen a [closed] case when a pending appeal is remanded to the bankruptcy court"). Indeed section 11.1 of the Plan provides that the Court retains jurisdiction over all matters related to the Chapter 11 Cases, including for the purposes of entering, implementing or enforcing such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated. *See* Plan ¶ 11.1(f). Moreover, the Proposed Final Decree and Order includes provisions clarifying that entry of such order will not prejudice any of the rights of (i) the Relator and Reorganized Debtor in the Dischargeability Action or (ii) the MSB Owners and the Reorganized Debtor in the MSB Appeals.

28. The Court's role in administering the Remaining Case is complete, and "[t]he [C]ourt should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Notes (1991). Accordingly, the Reorganized Debtor respectfully requests that the Court enter the Proposed Final Decree and Order closing the Remaining Case.

**Notice**

29. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Reorganized Debtor respectfully requests entry of the Proposed Final Decree and Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 11, 2024
Houston, Texas

*/s/ Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Clifford W. Carlson (24090024)
Hillarie James (24110045)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Clifford.Carlson @weil.com
Hillarie.James@weil.com

-and-

SCOTT DOUGLASS & MCCONNICO, LLP
Mark W. Hanna (24051764)
John W. Gasink (24078547)
William G. Cochran (24092263)
303 Colorado Street, Suite 2400
Austin, Texas 78701
Email: mhanna@scottdoug.com
jgasink@scottdoug.com
wcochran@scottdoug.com

*Attorneys for Reorganized Debtor*

**Certificate of Service**

I hereby certify that on November 11, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson