**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **EP ENERGY CORPORATION, *et al.*,** | ) | **Case No. 19-35654 (MI)** |
| **Debtors.**[1] | ) | **(Jointly Administered)** |

**SECOND INTERIM AND FINAL FEE APPLICATION OF POLSINELLI PC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EP ENERGY CORPORATION, ET AL., FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE SECOND INTERIM PERIOD FROM JANUARY 1, 2020 THROUGH AND INCLUDING APRIL 30, 2020 AND FOR THE TOTAL COMPENSATION PERIOD FROM OCTOBER 25, 2019 THROUGH AND INCLUDING APRIL 30, 2020**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 10, 2020 AT 9:00 A.M. IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092). The Debtors' primary mailing address is 1001 Louisiana Street, Houston, TX 77002.

**SUMMARY COVER SHEET TO THE SECOND INTERIM AND FINAL FEE APPLICATION OF POLSINELLI PC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EP ENERGY CORPORATION, ET AL., FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE SECOND INTERIM PERIOD FROM JANUARY 1, 2020 THROUGH AND INCLUDING APRIL 30, 2020 AND FOR THE TOTAL COMPENSATION PERIOD FROM OCTOBER 25, 2019 THROUGH AND INCLUDING APRIL 30, 2020**

| | | |
|---|---|---|
| **Name of Applicant:** | **Polsinelli PC** | |
| **Name of Client:** | Official Committee of Unsecured Creditors of EP Energy Corporation, et al. | |
| **Applicant's Role in the Case:** | Counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation, et al. | |
| **Interim or Final Application** | Second Interim and Final Fee Application | |
| **Petition Date:** | October 3, 2019 | |
| **Retention Date:** | October 22, 2019 | |
| **Date Order of Employment Signed:** | January 8, 2020 [Dkt. 469] | |
| **Time Period Covered by this Application ("Second Interim Fee Period"):** | **Beginning of Period** | **End of Period** |
| | January 1, 2020 | April 30, 2020 |
| **Time Period Covered by Prior Application ("First Interim Fee Period"):** | October 25, 2019 | December 31, 2019 |
| **Time Period for the Total Compensation Period:** | October 25, 2019 | April 30, 2020 |
| **Total Compensation Sought for the Second Interim Fee Period:** | $102,293.50 | |
| **Total Expenses Sought for the Second Interim Fee Period:** | $15,156.70 | |

| | |
|---|---|
| **Total Compensation Sought for the Total Compensation Period:** | $297,023.50 |
| **Total Expenses Sought for the Total Compensation Period:** | $23,871.59 |
| **Total Compensation Approved by Interim Order to Date:** | $194,730.00 |
| **Total Expenses Approved by Interim Order to Date:** | $8,714.89 |
| **Total Allowed Compensation Paid to Date:** | $194,730.00 |
| **Total Allowed Expenses Paid to Date:** | $8,714.89 |
| **Total Amount Awarded in Prior Application:** | $203,444.89 |
| **Amount of Retainer Received in Case:** | N/A |
| **Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed:** | $51,343.60 |
| **Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed:** | $15,156.70 |
| **Total fees/compensation applied for in this application and in all prior applications (including any retainer amounts applied or to be applied):** | $297,023.50 |
| **Total Fees Requested in this Application for the Second Interim Fee Period:** | $102,293.50 |
| **Total Professional Fees Requested in this Application for the Second Interim Fee Period:** | $102,293.50 |
| **Total Professional Hours Covered by this Application for the Second Interim Fee Period:** | 163.10 |
| **Average Hourly Rate for Professionals for the Second Interim Fee Period:** | $598.75 |
| **Total Paraprofessional Fees Requested in this Application for the Second Interim Fee Period:** | $0.00 |
| **Total Paraprofessional Hours Covered by this** | 0.00 |

| | |
|---|---|
| **Application for the Second Interim Fee Period:** | |
| **Average Hourly Rate for Paraprofessionals for the Second Interim Fee Period:** | N/A |
| **Blended Rate in this Application for all Attorneys for the Second Interim Fee Period:** | $627.18 |
| **Blended Rate in this Application for all Timekeepers for the Second Interim Fee Period:** | $627.18 |
| **Reimbursable Expenses Sought in this Application for the Second Interim Fee Period:** | $15,156.70 |
| **Number of Professionals included in this Application for the Second Interim Fee Period:** | 4 |
| **Number of Professionals Billing Fewer than 15 hours to the Case During the Second Interim Fee Period:** | 1 |
| **If Applicable, Number of Professionals in this Application not included in a Staffing Plan Approved by Client:** | N/A |
| **If Applicable, Difference between Fees Budgeted and Compensation sought for this Period:** | N/A |
| **Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application:** | No |
| **Total to be Paid to Priority Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | N/A |
| **Total to be Paid to Unsecured Creditors under the Plan:** | N/A |
| **Anticipated Dividend to Unsecured Creditors under the Plan:** | N/A |

| | |
|---|---|
| **Date of Confirmation Hearing:** | February 26, 2020 – March 12, 2020[2] |
| **Indicate whether Plan has been Confirmed:** | Plan Confirmation Order entered March 12, 2020 [Docket No. 1049] but subsequently vacated by Order entered March 23, 2020[3] [Docket No. 1103]. |

Dated: May 6, 2020

Respectfully submitted,

*/s/ Liz Boydston*
Liz Boydston
State Bar No. 24053684
Polsinelli PC
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
(713) 374-1600
Fax No. (713) 374-1601
lboydston@polsinelli.com

*Counsel to the Official Committee of Unsecured Creditors*

[2] Though Debtor's Fourth Amended Plan (defined below) was initially confirmed, Debtor's source of exit-financing in support of its Fourth Amended Plan later withdrew its financing commitment, and the Plan Confirmation Order (defined below) was vacated. The new exclusivity deadline for Debtor to file a plan is set for April 30, 2020.

[3] See FN 2 above

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **EP ENERGY CORPORATION, *et al.*,** | ) | |
| | ) | **Case No. 19-35654 (MI)** |
| **Debtors.**[4] | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |

**SECOND INTERIM AND FINAL FEE APPLICATION OF POLSINELLI PC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EP ENERGY CORPORATION, ET AL., FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE SECOND INTERIM PERIOD FROM JANUARY 1, 2020 THROUGH AND INCLUDING APRIL 30, 2020 AND FOR THE TOTAL COMPENSATION PERIOD FROM OCTOBER 25, 2019 THROUGH AND INCLUDING APRIL 30, 2020**

Polsinelli PC ("**Polsinelli**"), counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of EP Energy Corporation, et al. (the "**Debtor**"), hereby submits its Second Interim and Final Fee Application (this "**Application**"), pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"), for the interim and final allowance of compensation for the professional services performed by Polsinelli for and on

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092). The Debtors' primary mailing address is 1001 Louisiana Street, Houston, TX 77002.

behalf of the Committee and for reimbursement of actual and necessary expenses incurred by Polsinelli for the interim period commencing January 1, 2020 through and including April 30, 2020 (the "**Second Interim Fee Period**"), and for the total period covering October 25, 2019 through April 30, 2020 (the "**Total Compensation Period**"). In support of this Application, Polsinelli respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "**Amended Standing Order**"). The Committee confirms consent, pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND AND PRELIMINARY STATEMENT

3. On October 3, 2019 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Case**").

4. On October 21, 2019, the Office of the United States Trustee for the Southern District of Texas (the "**US Trustee**") filed the Notice of Appointment of Official Committee of

Unsecured Creditors, [Docket No. 200]. The Notice of Appointment of Official Committee of Unsecured Creditors appointed the Committee, consisting of the following four (4) initial members: Wilmington Trust, N.A., Wilmington Savings Fund Society, FSB, Rene R. Barrientos, Ltd., and Antora Peak Capital Management LP.

5. On October 22, 2019, the Committee held its initial meeting and, *inter alia*, selected Stroock & Stroock & Lavan LLP ("**Stroock**") as its proposed general bankruptcy counsel and Polsinelli as local co-counsel in these chapter 11 cases.

6. On November 6, 2019, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 318] ("**Interim Compensation Order**").

7. On November 22, 2019, Polsinelli filed the *Application of the Official Committee of Unsecured Creditors for an Order Approving the Employment of Polsinelli PC as Co-Counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation,* nunc pro tunc *to October 24, 2019* [Docket No. 471] (the "**Retention Application**"). The Retention Application applied for entry of an order employing Polsinelli as local co-counsel to the Committee.

8. On January 8, 2020, the Court entered the *Order Authorizing Employment of Polsinelli PC as Co-Counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation,* nunc pro tunc *to October 24, 2019* [Docket No. 649] (the "**Retention Order**"). A true and correct copy of the Retention Order is attached hereto as **Exhibit B**. The Retention Order authorized Polsinelli's employment and allowed for compensation of Polsinelli's services and reimbursement for its expenses in accordance with 11 U.S.C. §§ 330 and 331, the applicable provisions of the Bankruptcy Rules and the Local Rules, and any Orders of this Court.

9. On February 14, 2020, Polsinelli filed the *First Interim Fee Application of Polsinelli PC as Co-Counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation, et al. for the Period from October 25, 2019 through and including December 31, 2019* [Docket No. 837] (the "**First Interim Fee Application**") which sought entry of an order awarding Polsinelli interim compensation for professional services provided and reimbursement of expenses disbursed d from October 25, 2019 through and including December 31, 2019 (the "**First Interim Fee Period**").

10. On March 12, 2020, the Court entered the *Order Granting First Interim Fee Application of Polsinelli PC as Counsel to the Official Committee of Unsecured Creditors of EP Energy Corporation et al. for the Period from October 25, 2019 through and including December 31, 2019* [Docket No. 1050] (the "**Order Granting First Interim Fee Application**"). The Order Granting First Interim Fee Application awarded Polsinelli, on an interim basis, the allowance of $194,730.00 for compensation of professional services and $8,714.89 for reimbursement of expenses rendered to the Committee during the First Interim Fee Period.

11. Pursuant to the Interim Order, during the Second Interim Fee Period, Polsinelli has submitted four monthly fee statements for services rendered and expenses incurred from January 1, 2020 through and including April 30, 2020 (the "**Monthly Fee Statements**"):

| Monthly Statement Fee Period | Expenses Incurred | Expenses Paid (100%) | Fees Incurred | Fees Paid (80%) | Balance (Fees & Expenses |
|---|---|---|---|---|---|
| January 1, 2020 – January 31, 2020 ("**Second Monthly Fee Statement**") | $1,194.86 | $1,194.86 | $28,418.50 | $22,734.80 | $5,683.70 |

| | | | | | |
|---|---|---|---|---|---|
| February 1, 2020 – February 29, 2020 (“**Third Monthly Fee Statement**”) | $13,961.84 | $13,961.84 | $35,761.00 | $28,608.80 | $7,152.20 |
| March 1, 2020 – March 31, 2020 (“**Fourth Monthly Fee Statement**”) | $0.00 | $0.00 | $21,818.00 | $0.00 | $21,818.00 |
| April 1, 2020 – April 30, 2020 (“**Fifth Monthly Fee Statement**”) | $0.00 | $0.00 | $16,296.00 | $0.00 | $16,296.00 |
| **Total Balance: $50,949.90** | | | | | |

12. As of the date of this Fee Application, Polsinelli has not received any objections to its Fourth Monthly Fee Statement or Fifth Monthly Fee Statement, nor received any payment on its Fourth Monthly Fee Statement or Fifth Monthly Fee Statement.[5] The deadline for objections to the Fourth Monthly Fee Statement is May 5, 2020 and the deadline for objections to the Fifth Monthly Fee Statement is May 19, 2020.

13. On January 13, 2020, Debtor filed the *Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of EP Energy Corporation and its Affiliated Debtors* [Docket No. 686] (“**Disclosure Statement**”).

[5] In the event Polsinelli receives any payment of its Fourth Monthly Fee Statement or Fifth Monthly Fee Statement, Polsinelli shall supplement this Fee Application to provide full disclosure of such payment(s).

14. On January 13, 2020, Debtor filed the *Fourth Amended Joint Chapter 11 Plan of EP Energy Corporation and its Affiliated Debtors* [Docket No. 685] (the "**Fourth Amended Plan**").

15. On January 14, 2020, the Court entered an order approving the Disclosure Statement and authorizing solicitation of votes on the Fourth Amended Plan [Docket No. 691].

16. On February 24, 2020, the Committee filed the State*ment of the Official Committee of Unsecured Creditors in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of EP Energy Corporation and its Affiliated Debtors* [Docket No. 904] (the "**Plan Support Statement**").

17. Between February 26, 2020 and March 12, 2020, the Court held trial and hearings to consider confirmation of the Fourth Amended Plan (the "**Plan Confirmation Hearings**").

18. On March 12, 2020, following the Plan Confirmation Hearings, the Court entered the *Proposed Findings of Fact, Conclusions of Law, and Order (I) Confirming Fourth Amended Chapter 11 Plan of EP Energy Corporation and its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1049] (the "**Plan Confirmation Order**").

19. Following the Plan Confirmation Order, Debtor's source of exit-financing in support of its Fourth Amended Plan withdrew its financing commitment.

20. On March 23, 2020, the Court entered the *Order Vacating Order Confirming Plan* [Docket No. 1103], and found that the Fourth Amended Plan never became effective.

21. The Court also extended the Debtor's exclusive right to file a new plan to April 30, 2020.

22. Among the many projects undertaken during the Second Interim Fee Period, Polsinelli:

a. *Plan and Disclosure Statement Analysis.* Polsinelli reviewed and analyzed the Disclosure Statement and Fourth Amended Plan and supporting documents, assisted in preparation of the Committee's Plan Support Statement, and attended the disclosure statement hearing and the numerous Plan Confirmation Hearings.

b. *Advised Committee Professionals.* As local counsel to the Committee, Polsinelli regularly advised the Committee and Committee Professionals on local practice in the Southern District of Texas, as related to local rules, complex chapter 11 procedures, judge's procedures, court filings, and court hearings; and

c. *Participated in routine calls with the Committee*. As counsel to the Committee, Polsinelli held routine and periodic calls and communications with members of the Committee. In these communications, Polsinelli provided status reports on Debtor's chapter 11 case, answered Committee members' questions, and updated Committee members on significant events in Debtor's chapter 11 case.

23. Ultimately, the Committee's efforts during the Second Interim Fee Period resulted in significant assistance in the advancement and confirmation of Debtors' Fourth Amended Plan.

24. The substantial efforts and achievements of the Committee occurring over the Second Interim Fee Period required significant resources of Polsinelli for the benefit of the unsecured creditors. Polsinelli drafted multiple pleadings, conducted extensive negotiations with interested parties, researched the relevant legal and factual issues involved in this Chapter 11 Case, advised the Committee on options and solutions to complex problems, and, when necessary, prepared to litigate unresolved issues. In addition, Polsinelli worked diligently to ensure that the

Committee was appropriately informed of all case updates through Committee calls and email reports.

25. Accordingly, Polsinelli respectfully submits that its services during the Total Compensation Period warrant approval of the requested fees and expenses on an interim and final basis.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

26. This Application has been prepared in accordance with the U.S. Trustee Guidelines. Pursuant to the U.S. Trustee Guidelines, a certification of Liz Boydston (the "**Boydston Declaration**") regarding compliance with the same is attached hereto as **Exhibit A**.

27. A proposed order, allowing Polsinelli's compensation and reimbursement of expenses as requested herein is attached hereto as **Exhibit C**.

28. Polsinelli seeks interim allowance of fees for professional services rendered during the Second Interim Fee Period in the aggregate amount of $102,293.50 (the "**Second Interim Fees**") and reimbursement of expenses incurred in connection with the rendition of those services in the aggregate amount of $15,156.70 (the "**Second Interim Expenses**").

29. Polsinelli seeks final allowance of fees for professional services rendered during the Total Compensation Period in the aggregate amount of $297,023.50 (the "**Total Fees**") and reimbursement of expenses incurred in connection with the rendition of those services in the aggregate amount of $23,871.59 (the "**Total Expenses**").

30. During the Second Interim Fee Period, Polsinelli attorneys and paraprofessionals expended a total of 163.1 hours for which compensation is requested.

31. During the Total Compensation Period, Polsinelli attorneys and paraprofessionals expended a total of 542.6 hours for which compensation is requested.

32. There is no agreement or understanding between Polsinelli and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this Chapter 11 Case.

33. The fees charged by Polsinelli in this Chapter 11 Case are billed in accordance with its existing billing rates and procedures set forth in the Retention Application.

34. Polsinelli's rates in this Chapter 11 Case are consistent with the rates charged by Polsinelli to its non-bankruptcy clients. These rates are similar to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national legal market. Pursuant to the U.S. Trustee Guidelines, **Exhibit D**, attached hereto, discloses the blended hourly rates for all Polsinelli professionals and the blended hourly rates for timekeepers who billed to the Chapter 11 case during the Second Interim Fee Period. **Exhibit E**, attached hereto, discloses the blended hourly rates for all Polsinelli professionals and the blended hourly rates for timekeepers who billed to the Chapter 11 case during the Total Compensation Period.

35. Consistent with the U.S. Trustee Guidelines, attached hereto as **Exhibit F** is a schedule setting forth all Polsinelli professionals and paraprofessionals who performed services in this Chapter 11 Case during the Second Interim Fee Period, the capacities in which such individuals are employed by Polsinelli, the hourly billing rates of such individuals, and the aggregate number of hours expended and fees billed by such individuals. Attached hereto as **Exhibit G** is a schedule setting forth all Polsinelli professionals and paraprofessionals who performed services in this Chapter 11 Case during the Total Compensation Period, the capacities in which such individuals are employed by Polsinelli, the hourly billing rates of such individuals, and the aggregate number of hours expended and fees billed by such individuals.

36. Pursuant to the U.S. Trustee Guidelines, attached hereto as **Exhibit H** is a summary of Polsinelli's time billed during the Second Interim Fee Period, and attached hereto as **Exhibit I** is a summary of Polsinelli's time billed during the Total Compensation Period, broken down by project categories, as hereinafter described. Attached hereto as **Exhibit J** is Polsinelli's Time Detail for the Total Compensation Period.

37. Attached hereto as **Exhibit K** is a schedule specifying the categories of expenses for which Polsinelli is seeking reimbursement and the total amount for each expense category for the Second Interim Fee Period.

## RELIEF REQUESTED

38. Polsinelli requests that the Court enter an order (the "**Order**"), substantially in the form attached as Exhibit C: (i) awarding Polsinelli the allowance of (a) fees for the Second Interim Fee Period in the amount of $102,293.50 and (b) reimbursement for actual and necessary expenses Polsinelli incurred during the Second Interim Fee Period in the amount of $15,156.70; (ii) authorizing and directing the Debtors to pay Polsinelli all unpaid fees and expenses for the Second Interim Fee Period; (iii) awarding Polsinelli the allowance on a final basis of (a) fees for the Total Compensation Period in the amount of $297,023.50 and (b) reimbursement for actual and necessary expenses Polsinelli incurred during the Total Compensation Period in the amount of $23,871.59; (iv) authorizing and directing the Debtors to pay Polsinelli all unpaid fees and expenses for the Total Compensation Period; and (v) granting such other relief as is just and proper.

## SUMMARY OF LEGAL SERVICES RENDERED

39. The Committee has accomplished a substantial amount since its appointment in this Chapter 11 Case. The following summary is not a detailed description of the work

performed, as the day-to-day services and the time expended in performing such services are fully set forth in Exhibit J. Rather, the following summary highlights certain areas in which services were rendered to the Committee and identifies some of the issues to which Polsinelli devoted significant time and effort during the Second Interim Fee Period. Polsinelli incorporates by reference its First Interim Fee Application, which includes the summary highlights of services rendered during the First Interim Fee Period.

40. The summary is divided according to the project billing codes, which were created by Polsinelli to best reflect the categories of tasks that it was required to perform in connection with this Chapter 11 Case and were developed in connection with the Debtors. Nevertheless, under the circumstances, and given the interconnectedness of the issues in this Chapter 11 Case, certain of these categories may overlap with one another.

***Case Administration***

41. Services rendered in this category include, but are not limited to, internal organizational meetings and correspondence, monitoring calendars of critical dates, coordinating conferences and meetings with Committee members and Committee professionals, routine communications and correspondence with the Committee professionals, routine communications and correspondence with Debtor's counsel, and review of the Southern District of Texas local rules and administrative procedures.

42. Polsinelli expended 22.8 hours of professional time to provide such services. Professional fees in this category total $14,206.00.

***Court Hearings***

43. Services rendered in this category include, but are not limited to, preparation for and attendance at debtor's status conferences, various motions, and the Plan Confirmation Hearings.

44. Polsinelli expended 34.5 hours of professional time to provide such services. Professional fees in this category total $25,702.50.

***Creditor Committee Meetings***

45. Services rendered in this category include, but are not limited to, conferences, meetings, and communications with Committee members. Polsinelli held routine and periodic calls and communications with members of the Committee. In these communications, Polsinelli provided status reports on Debtor's chapter 11 case, answered Committee members' questions, and updated Committee members on significant events in Debtor's chapter 11 case.

46. Polsinelli expended 5.7 hours of professional time to provide such services. Professional fees in this category total $4,246.50.

***Employment/Fee Applications***

47. Services rendered in this category include, but are not limited to, drafting and preparing the notice of hearing for the Committee Professionals' first interim fee applications, and coordinating the filing of the Committee Professionals' first interim fee applications.

48. Polsinelli expended 3.7 hours of professional time to provide such services. Professional fees in this category total $1,572.50.

***Polsinelli Fee Application***

49. Services rendered in this category include, but are not limited to, time spent drafting and preparing Polsinelli's First Interim Fee Application, Polsinelli's Monthly Fee Statements, and this Second Interim and Final Fee Application and all supporting exhibits, notices, certificates of no objection, supplements, and proposed orders. Time in this category also includes research and review of the Bankruptcy Rule, Local Bankruptcy Rules, U.S. Trustee Guidelines, Hon. Marvin Isgur's Courtroom Procedures, and the Interim Compensation Order regarding fee application

timing and content. Whenever possible, Polsinelli used junior associates for preparation of fee applications.

50. Polsinelli expended 72.6 hours of professional time to provide such services. Professional fees in this category total $39,387.00.

***Other Professional Fee Applications***

51. Services rendered in this category include, but are not limited to, advising Committee Professionals on monthly statements and respective first interim fee applications. Polsinelli advised Committee Professionals on Local Bankruptcy Rules, U.S. Trustee Guidelines, Hon. Marvin Isgur's Courtroom Procedures, and the Interim Compensation Order regarding fee application timing and content. Polsinelli additionally provided a template for, reviewed, coordinated, and filed all Committee Professionals' first interim fee applications, and drafted notices of hearing and certificates of objection for all Committee Professionals' first interim fee applications.

52. Polsinelli expended 5.4 hours of professional time to provide such services. Professional fees in this category total $3,491.00.[6]

***Litigation & Other Contested Matters***

53. Services rendered in this category include, but are not limited to, preparing for the Confirmation Hearings, including preparation of the *Exhibit and Witness List of the Official Committee of Unsecured Creditors for the Confirmation Hearing* [Docket No. 903].

54. Polsinelli expended 1.8 hours of professional time to provide such services. Professional fees in this category total $1,341.00.

***Plan & Disclosure Statement***

[6] This category also includes "Other Professional Retention," wherein Polsinelli expended 0.2 hours of professional time for fees totaling $177.00.

55. Services rendered in this category include, but are not limited to, review and analysis of Debtor's Disclosure Statement and Fourth Amended Plan, conferences and communications with co-counsel regarding the Disclosure Statement and Fourth Amended Plan, preparation of a trial notebook for the Confirmation Hearings, and preparation for, attendance at, and participation in the Plan Confirmation Hearings and subsequent discussions and hearings leading to the vacating of the Plan Confirmation Order.

56. Polsinelli expended 16.8 hours of professional time to provide such services. Professional fees in this category total $12,524.00.

## STATEMENT OF POLSINELLI

57. The foregoing professional services performed by Polsinelli were appropriate and necessary for the effective administration of these cases. All services rendered were in the best interests of the Committee, the Debtor, and the Debtor's estate. Compensation for the foregoing services is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

58. The majority of the services performed by Polsinelli were rendered by Polsinelli's Bankruptcy and Financial Restructuring Practice Group. Polsinelli has a prominent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings. The attorneys at Polsinelli have represented either the debtor or the creditor's committee in many chapter 11 cases. In addition, due to the facts and circumstances of this Chapter 11 Case, attorneys from Polsinelli's oil and gas, energy and utilities, and real estate services practice groups, as well as attorneys in other specialized areas as necessary, were involved with Polsinelli's representation of the Committee. Overall, Polsinelli brings a

particularly high level of skill and knowledge which has inured to the benefit of the Committee and all stakeholders.

59. The professional services performed by Polsinelli on behalf of the Committee during the Second Interim Fee Period required an aggregate expenditure of 163.10 recorded hours by Polsinelli's partners, counsel, associates and paraprofessionals. Of the aggregate time expended during the Second Interim Fee Period, 92.70 recorded hours were expended by partners, and 70.4 recorded hours were expended by associates.

60. The professional services performed by Polsinelli on behalf of the Committee during the Total Compensation Period required an aggregate expenditure of 542.60 recorded hours by Polsinelli's partners, counsel, associates and paraprofessionals. Of the aggregate time expended during the First Interim Fee Period, 239.70 recorded hours were expended by partners, 32.50 recorded hours were expended by counsel, 265.10 recorded hours were expended by associates, and 5.30 recorded hours were expended by paraprofessionals and other timekeepers of Polsinelli.

61. Polsinelli's hourly billing rates for attorneys working on this Chapter 11 Case ranged from $340.00 to $885.00. For the Second Interim Fee Period, allowance of compensation in the amount requested will result in a total blended hourly billing rate (not including paraprofessionals) of approximately $627.18. For the Total Compensation Period, allowance of compensation in the amount requested will result in a total blended hourly billing rate (not including paraprofessionals) of approximately $550.54. Such fees are reasonable relative to the customary compensation received by Polsinelli from non-bankruptcy clients and by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.

62. As set forth in Exhibit K, Polsinelli has disbursed $15,156.70 in expenses incurred in providing professional services during the Second Interim Fee Period. These charges are intended to cover Polsinelli's direct operating costs, which costs are not incorporated into Polsinelli's hourly billing rates.

63. Polsinelli made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

## BASIS FOR RELIEF REQUESTED

64. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered…and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> 1. the time spent on such services;
> 2. the rates charged for such services;
> 3. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> 4. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

5. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

6. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

65. Courts regularly employ the twelve factors set forth by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) in determining the reasonableness of fees sought. The twelve factors are as follows: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal services properly; (iv) the preclusion of employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *Id.* at 717-20. The Fifth Circuit has applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases. *See In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) ("Although Johnson involved a suit brought under 42 U.S.C.A. § 2000e et seq., the guidelines we established there are equally useful whenever the award of reasonable attorneys' fee is authorized by statute.").

66. Polsinelli respectfully submits that pursuant the standards regularly applied to fee awards under sections 330 and 331 of the Bankruptcy Code, that the amount of compensation requested during the Total Compensation Period is "reasonable" considering the nature, extent and value of the professional services performed during the Chapter 11 Cases. Polsinelli's compliance with the *Johnson* factors is delineated below:

a. *The Time and Labor Required.* The professional services rendered by Polsinelli on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise. The fees sought in this Application reflect an aggregate of hours expended by Polsinelli attorneys and paraprofessionals performing services necessary and beneficial to the estate for the Second Interim Fee Period and for the Total Compensation Period. Work was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task and without unnecessary duplication.

b. *The Novelty and Difficulty of Questions.* This Chapter 11 Case is designated as a "complex" case and necessarily involved a significant number of novel or difficult issues. Polsinelli believes that numerous issues in these cases have been complex and challenging.

c. *The Skill Required to Perform the Legal Services Properly.* The professionals primarily working on this matter are specialists in bankruptcy and related areas of practice. Polsinelli contends that professionals without such expertise would have expended many more hours addressing the issues raised in this Chapter 11 Case thus far, with far less success.

d. *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.* At times, the time demands of general representation of the Committee in these cases resulted in certain of the Polsinelli attorneys working either completely or almost completely full-time on this matter. While no large-scale reassignment of work has been required to properly represent the Committee, this representation did consume a significant amount of time and preclude attorneys from taking on additional work for other clients.

e. *The Customary Fee.* The rates charged by Polsinelli for these services are reasonable relative to rates charged by Polsinelli to non-bankruptcy clients and other professionals of comparable skill and competence. Polsinelli has diligently undertaken to minimize costs to the Debtors' estates while still ensuring that the Committee receives the highest quality representation.

f. *Whether the Fee is Fixed or Contingent.* Polsinelli's fees are neither fixed nor contingent other than on the contingency of allowance by the Court and availability of assets for payment. Fees are based on the actual total number of hours worked, less hours written off, plus actual expenses incurred.

g. *Time Limitations Imposed by Client or Other Circumstances.* The representation of a creditors' committee in a chapter 11 case is inherently

time sensitive. Polsinelli was required to provide capable representation within the time limitations imposed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, counsel for various parties in interest, and this Court.

h. *The Amount Involved and Results Obtained.* Polsinelli has assisted the Committee in all facets of these cases. Polsinelli believes that the information contained herein and in the attached exhibits, as well as the record in these proceedings, support the reasonableness of its requested compensation.

i. *The Experience, Reputation and Ability of the Attorneys.* Polsinelli's partners, counsel, special counsel and associates have regularly appeared in significant representations over many years, including bankruptcy cases throughout the United States.

j. *The Undesirability of the Case.* Polsinelli has not found this case to be undesirable, but rather, considers the issues raised in this case to be interesting and of the type that Polsinelli is well-suited to adequately address.

k. *Nature and Length of Professional Relationship.* As noted in the Application, Polsinelli began its representation of the Committee as of October 22, 2019.

l. *Awards in Similar Cases.* Based on Polsinelli's experience, the fees requested herein are commensurate with fees allowed in proceedings of similar scope for the services rendered.

67. Polsinelli respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Committee and the creditors of the estate, and were rendered to protect and preserve the Debtor estate. Polsinelli further believes that it performed the services for the Committee economically, effectively, efficiently, and the results obtained benefited not only the Committee, but also the Debtors' estates and the Debtors' constituents. The services rendered by Polsinelli were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Polsinelli further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee and all parties in interest.

68. Based on an application of the above factors and its compliance with the Guidelines, Polsinelli respectfully submits that approval of the compensation sought herein is warranted.

## NO PRIOR REQUEST

69. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, Polsinelli respectfully requests that the Court enter an order: (i) awarding Polsinelli the allowance of (a) fees for the Second Interim Fee Period in the amount of $102,293.50 and (b) reimbursement for actual and necessary expenses Polsinelli incurred during the Second Interim Fee Period in the amount of $15,156.70; (ii) authorizing and directing the Debtors to pay Polsinelli all unpaid fees and expenses for the Second Interim Fee Period; (iii) awarding Polsinelli the allowance on a final basis of (a) fees for the Total Compensation Period in the amount of $297,023.50 and (b) reimbursement for actual and necessary expenses Polsinelli incurred during the Total Compensation Period in the amount of $23,871.59; (iv) authorizing and directing the Debtors to pay Polsinelli all unpaid fees and expenses for the Total Compensation Period; and (v) granting such other relief as is just and proper.

Dated: May 6, 2020

Respectfully submitted,

*/s/ Liz Boydston*

Liz Boydston
State Bar No. 24053684
Polsinelli PC
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
(713) 374-1600
Fax No. (713) 374-1601
lboydston@polsinelli.com

**CERTIFICATE OF SERVICE**

I certify that on May 6, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. I also caused a copy of the foregoing document to be served by U.S. Mail and Email on the below-listed parties.

*/s/ Liz Boydston*

Liz Boydston
State Bar No. 24053684
Polsinelli PC
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
(713) 374-1600
Fax No. (713) 374-1601
lboydston@polsinelli.com

*Counsel to the Official Committee of Unsecured Creditors*

PARTIES SERVED BY U.S. MAIL

Counsel for ETC Texas Pipeline, Ltd.
Akerman LLP
Attn: Brent Wyatt
909 Poydras Street
Suite 2000
New Orleans, LA 70112

Attorneys for Enterprise Hydrocarbons L.P.
Andrews Myers, P.C.
Attn: T. Josh Judd
1885 St. James Place, 15th Floor
Houston, TX 77056

Counsel to Wilmington Savings Fund Society
Arnold & Porter Kaye Scholer LLP
Attn: Jonathan I. Levine
250 West 55th Street
New York, NY 10019-9710

Counsel to Eugene East, Jr. Trey East and Eugene Sims
Baker Associates
Attn: Reese W. Baker
950 Echo Lane
Ste 300
Houston, DC 77024

Top 30 Creditor
Basic Energy Services Inc.
Attn: General Counsel
801 Cherry Street, Suite 2100
Fort Worth, TX 76102

Interested Party
Brett Almeda
Attn: Brett Almeda
8100 Sparrow Court SE
Olympia, WA 98513

Counsel to Elliott Associates, LP., and Elliott International, L.P.
Cole Schotz P.C.
Attn: Michael D. Warner, Benjamin L Wallen
301 Commerce Street, Suite 1700
Fort Worth, TX 76102

Co-Counsel to Access Industries Inc.
Debevoise & Plimpton LLP
Attn: Sidney P. Levinson & Daniel E. Stroik
949 Third Avenue
New York, NY 10022

Counsel for UMB Bank, National Association
Drinker Biddle & Reath LLP
Attn: Vincent P. Slusher, Esq., Kristen L Perry, Esq., James Millar, Esq.
1717 Main Street
Suite 5400
Dallas, DC 75201

Environmental Protection Agency - Headquarters
Environmental Protection Agency
Attn: Bankruptcy Division
Arid Rios Building
1200 Pennsylvania Avenue N.W.
Washington, DC 20004

Top 30 Creditor
Allied Horizontal Wireline Services
Joseph Sites
3200 Wilcrest Dr. 8170
Houston, TX 77042

Counsel to Wilmington Savings Fund Society
Arnold & Porter Kaye Scholer LLP
Attn: Christopher M. Odell
700 Louisiana Street, Suite 4000
Houston, TX 77002-2755

Counsel for Comptroller of Public Accounts of the State of Texas
Assistant Attorney General
Attn: Courtney J. Hull
Bankruptcy & Collections Division MC 008
P. 0. Box 12548
Austin, DC 78711

Counsel to Tesoro Refining & Marketing Company, LLC
Baker Botts L.L.P.
Attn: James R. Prince, Kevin Chiu, Fareed Kaisani
2001 Ross Avenue, Suite 900
Dallas, DC 75201-2980

Counsel to Spencer Strode
Bell Nunnally & Martin LLP
Attn: Russell W. Mills, R. Kent Love
2323 Ross Avenue
Suite 1900
Dallas, DC 75201

Counsel to Michael Chiles
Burger Law Firm
Attn: John V. Burger
3000 Weslayan
8305
Houton, DC 77027

Counsel for Hoodoo Mining & Production Company, LLC
Crady Jewett McCulley & Houren LLP
Attn: Shelley Bush Marmon
2727 Allen Parkway
Suite 1700
Houston, DC 77019

Attorney General
District of Columbia State Attorneys General
John A. Wilson Building
1350 Pennsylvania Ave
NW Suite 409
Washington, DC 20009

Duane Morely Cox, Pro Se
Duane Morely Cox
1199 Cliffside Dr.
Logan, UT 84321

Debtors
EP Energy Corporation

Counsel for Archrock Partners Operating LLC and Archrock Services LP
Anderson, Lehrman, Barre & Maraist, LLP
Attn: Kevin M. Maraist
Gaslight Square
1001 Third Street, Ste. 1
Corpus Christi, TX 78404

Counsel to Wilmington Savings Fund Society
Arnold & Porter Kaye Scholer LLP
Attn: Ginger Clements
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231

Counsel to Travis County
Assistant Travis County Attorney
Attn: Jason A. Starks, David Escamilla
P.O. Box 1748
Austin, DC 78767

Top 30 Creditor
Baker Hughes
Christopher J. Ryan
17021 Aldine Westfield Road
Houston, TX 77073

Counsel for CNOOC Energy U.S.A. LLC f/k/a OOGC America LLC
Bonds Ellis Eppich Schafer Jones LLP
Attn: Clay M. Taylor, J. Robertson Clarke
420 Throckmorton Street
Suite 1000
Fort Worth, DC 76102

Counsel to Rene R. Barrientos, Ltd., Storey Minerals, Ltd., Storey Surface, Ltd., Maltsberger/Storey Ranch, LLC, Maltsberger/Storey Ranch Lands, LLC, and Maltsberger, LLC
Cleveland Terrazas PLLC
Attn: Carlos R. Soltero
4611 Bee Cave Road, Suite 306B
Austin, DC 78746

Counsel to Ruth E. Middleton
Davidson Summers, APLC
Attn: William Lake Hearne Jr.
330 Marshall Street
Suite 1114
Shreveport, LA 71101

Top 30 Creditor
DHOW L.P.
Attn: Raymond Chang
7402 N. Eldridge Parkway
Houston, DC 77041

Counsel to BOFK NA
Emmet, Marvin & Marvin, LLP
Attn: Thomas A. Pitta, Elizabeth Taraila
120 Broadway
32nd Floor
New York, NY 10271

Counsel for Hixon Properties Incorporated, Rocky Comfort Mineral Partnership, Ltd. And Rocky Comfort Partnership, Ltd.
Eric Terry Law, PLLC
Attn: Eric B. Terry
3511 Broadway
San Antonio, D( 78209

Attorney General
Federal US Attorney General
Attention Bankruptcy Dept
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Counsel to C. Clark Webb
Gibson, Dunn & Crutcher LLP
Attn: Matthew G. Bouslog
3161 Michelson Drive
Irvine, CA 92612-4412

Counsel to DXP Enterprises, Inc.
Gray Reed & McGraw LLP
Attn: Micheal W. Bishop, Amber M. Carson
1601 Elm Street, Suite 4600
Dallas, DC 75201

Counsel to Altamont Energy Operating LLC
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
Attn: Steven W. Soule
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706

Counsel to Cogent Midstream WesTex, LLC
Hunton Andrews Kurth LLP
Attn: Timothy A. ("Tad") Davidson II, Joseph P. Rovira, Edward A. Clarkson, III
600 Travis Street, Suite 4200
Houston, DC 77002

IRS Insolvency Section
Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Counsel for Kane Russell Coleman Logan PC
Kane Russell Coleman Logan PC
Attn: Michael P. Ridulfo
5051 Westheimer Road
10th Floor
Houston, DC 77056

Counsel for Patrica Simpson Moore and John Raymond Simpson
La Salle County
Attn: Thomas K. Moore III
3815 Kellys Falls Land
Katy, DC 77494-7249

Counsel to Gonzales County, La Salle County, Cotulla ISD
Linebarger Goggan Blair & Sampson, LLP
Attn: Don Stecker
711 Navarro Street, Ste 300
San Antonio, DC 78205

Top 30 Creditor
Maltsberger/Storey Ranch, LLC
Attn: Christopher L Halgren
McGinnis, Lochridge & Kilgore, LLP
711 Louisiana Street, Suite 1600
Houston, DC 77002

Top 30 Creditor
Frio LaSalle Pipeline LP
Attn: General Counsel
1717 Main Street
Suite 5200
Dallas, DC 75201

Counsel to C. Clark Webb
Gibson, Dunn & Crutcher LLP
Attn: Michael A. Rosenthal, Esq.
200 Park Avenue
New York, NY 10166-0193

Counsel to Mary H. Campbell, et. al.
Griffin & Matthews
Attn: Bill Richey
400 Neches at Crockett
Beaumont, DC 77701

Top 30 Creditor
Halliburton Energy Services, Inc.
Hal C. Welch - Chaffe, McCall LLP
2300 Energy Center
1100 Poydras Street
New Orleans, LA 70163

Top 30 Creditor
Independence Oilfield Chemicals LLC
Patrick Williams
1450 Lake Robbine Drive
Suite 400
The Woodlands, DC 77380

Top 30 Creditor
.1 W Power Company
Attn: General Counsel
15505 Wright Brothers Drive
Addison, DC 75001

Counsel for Donaldson Brown LaSalle Holdings, LLP and Donaldson Brown LaSalle Working Interests, LLP
Kelly Hart & Hallman LLP
Attn: Katherine T. Hopkins
201 Main Street, Suite 2500
Fort Worth, DC 76102

Counsel for Thomas C. Rallo
Leslie WM. Adams & Associates, PLLC
Attn: Leslie WM. Adams, Alexis L Espeiel, Charles I. Murnane
3700 Buffalo Speedway, Suite 420
Houston, DC 77098

Counsel to Hughes Springs ISD, Montague County, Reagan County, Upshur County, Rusk County
Linebarger Goggan Blair & Sampson, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Suite 1000
Dallas, DC 75207

Counsel to JPMorgan Chase Bank, N.A., in its capacity as Administrative Agent
Mayer Brown LLP
Attn: Charles S. Kelley
700 Louisiana St., Suite 3400
Houston, DC 77002

Top 30 Creditor
FTS International Services LLC
D. Patrick Long
Squire Patton Boggs LLP
2500 McKinney Ave, Suite 1700
Dallas, DC 75201

Counsel for A2D Technologies, Inc., d/b/a TGS Geological Products and Services
Gieger, Labrode & Laperouse, L.L.C.
Attn: Andrew A. Braun
701 Poydras Street, Suite 4800
New Orleans, LA 70139-4800

Counsel to Lonestar Prospects, Ltd. d/b/a Vista Proppant & Logistics LLC
Griffith, Jay & Michel, LLP
Attn: Mark J. Petrocchi
2200 Forest Park Blvd.
Fort Worth, DC 76110

Counsel for Storey Minerals, Ltd., Storey Surface, Ltd., Maltsberger/Storey Ranch, LLC and Rene R. Barrientos, Ltd.
Haynes and Boone LLP
Attn: Patrick L Hughes, Arsalan Muhammad, David Trausch
1221 McKinney, Suite 2100
Houston, DC 77010

IRS Insolvency Section
Internal Revenue Service
Centralized Insolvency Operation
2970 Market St.
Philadelphia, PA 19104-5016

Counsel to Danos, LLC
Jones Walker LLP
Attn: Joseph E. Bain, Megan Young John
811 Main Street
Ste. 2900
Houston, DC 77002

Counsel to L.B. Foster Company
L.B. Foster Company
Attn: Patrick Guinee
Foster Plaza 1
415 Holiday Drive, Suite 100
Pittsburgh, PA 15220

Counsel for Freer ISD, San Isidro ISD, San Patricio County, Live Oak Cad, Yoakum ISD, Dewitt County, Duval County
Linebarger Goggan Blair & Sampson, LLP
Attn: Diane W. Sanders
P. 0. Box 17428
Austin, DC 78760

Counsel for Cypress-Fairbanks ISD, Jasper County, Montgomery County, Fort Bend County, Harris County
Linebarger Goggan Blair & Sampson, LLP
Attn: Tara L Grundemeier
P.O. Box 3064
Houston, DC 77253

Counsel to the RBL Agent and RBL Lenders
Mayer Brown LLP
Attn: Sean Scott and Charles Kelley
1221 6th Avenue
New York, NY 10020

Counsel to JPMorgan Chase Bank, N.A., in its capacity as Administrative Agent
Mayer Brown LLP
Attn: Sean T. Scott, Aaron Gavant, Jamie R. Netznik
71 S. Wacker
Chicago, IL 60606

Counsel to J-W Power Company
Miller Mentzer Walker, P.C.
Attn: Julie A. Walker
P.O. Box 130
100 N. Main St.
Palmer, DC 75152

Top 30 Creditor
Nabors Drilling Technologies USA Inc.
Anthony G. Petrello
515 W Greens Road
Suite 1200
Houston, DC 77067

United States Trustee Southern District of Texas
Office of the United States Trustee
Attn: Hector Duran, Stephen Statham
515 Rusk Ave., Ste. 3516
Houston, DC 77002

Conflicts Counsel for the Official Committee of Unsecured Creditors
Pachulski Stang Ziehl & Jones LLP
Attn: Robert J. Feinstein, Esq.
780 Third Avenue, 34th Floor
New York, NY 10017

Counsel to La Joya Independent School District
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Attn: John T. Banks
3301 Northland Drive
Suite 505
Austin, DC 78731

Co-Counsel to Access Industries Inc.
Pillsbury Winthrop Shaw Pittman, LLP
Attn: Hugh M. Ray, III, William J. Hotze, Jason S. Sharp
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1028

Top 30 Creditor
Premier Pipe LLC
Attn: General Counsel
15600 John F. Kennedy Blvd.
Suite 200
Houston, TX 77032

Counsel to Wilmington Trust, National Association, as indenture trustee for the 8.00% Senior Secured Notes due 2025 and the 9.375% Senior Secured Notes due 2024
Reed Smith LLP
Attn: Lloyd A. Lim, Rachel I. Thompson
811 Main Street, Suite 1700
Houston. TX 77002-6110

Top 30 Creditor
Ruby Pipeline LLC
Attn: Treasury
1001 Louisiana St.
Houston, TX 77002

Counsel for Harrison Central Appraisal District, The County of Harrison, Texas and Reeves County Tax District
McCreary, Veselka, Bragg & Allen, P. C.
Attn: Tara LeDay
P. 0. Box 1269
Round Rock. DC 78680

Counsel to the Ad Hoc 1.125L/1.25L Noteholder Group
Morrison & Foerster LLP
Attn: Dennis L Jenkins
250 W 55th Street
New York, NY 10019

Top 30 Creditor
NGL Water Solutions Eagle Ford LLC
Attn: General Counsel
3773 Cherry Creek North Drive
Suite 1000
Denver, CO 80209

Counsel for Kodiak Gas Services, LLC
Okin Adams LLP
Attn: Christopher Adams, John Thomas Oldham
1113 Vine Street, Suite 240
Houston, DC 77002

Counsel to Apollo Global Management, LLC and Apollo Management Holdings, LP, Apollo Management Holdings, L P.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Jeffrey Saferstein, Jacob Adlerstein, Brian Bolin
1285 Avenue of the Americas
New York, NY 10019

Counsel to Crockett County Tax Office and Upton County Appraisal District
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Attn: Laura J. Monroe
P.O. Box 817
Lubbock, DC 79408

Co-Counsel to the Official Committee of Unsecured Creditors
Polsinelli PC
Attn: Trey Monsour
1000 Louisiana Street, Suite 6400
Houston, TX 77002

Claims Agent
Prime Clerk, LLC
Attn: David Malo
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

Top 30 Creditor
Ritchie Farms LTD
Wesley Ritchie
2112 Rio Grande St.
Austin, TX 78705

Securities and Exchange Commission - Headquarters
Securities & Exchange Commission
Secretary of the Treasury
100 F St NE
Washington, DC 20549

Counsel to Elliott Management Corporation, Elliott Associates, LP., and Elliott International, L.P.
Milbank LLP
Attn: Gerard Uzzi, Eric K. Stodola
55 Hudson Yards
New York, NY 10001

Top 30 Creditor
Multi Chem
Attn: General Counsel
3000 N. Sam Houston Pkwy East
Houston, DC 77032

Top 30 Creditor
Office of Natural Resources Revenue - (Ute Tribal)
Attn: Bankruptcy Department
PO Box 25165
Denver, CO 80225-0165

Conflicts Counsel for the Official Committee of Unsecured Creditors
Pachulski Stang Ziehl & Jones LLP
Attn: Debra I. Grassgreen, Esq., Maxim B. Litvak
150 California Street, 15th Floor
San Francisco, CA 94111

Counsel to Dimmit County
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Attn: Carlos Arce
613 NW Loop 410, Suite 550
San Antonio, DC 78216

Counsel to Galena Park Independent School District, Crosby Independent School District, City of Houston, and Brazoria County Tax Office
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
Attn: Owen M. Sonik
1235 North Loop West, Suite 600
Houston, TX 77008

Counsel for Apollo Management Holdings, L P.
Porter Hedges LLP
Attn: John F. Higgins, Eric M. English
1000 Main Street, 36th Floor
Houston, TX 77002

Counsel to Wilmington Trust, National Association, as indenture trustee for the 8.00% Senior Secured Notes due 2025 and the 9.375% Senior Secured Notes due 2024
Reed Smith LLP
Attn: Kurt F. Gwynne, Jason D. Angelo
1201 Market Street, Suite 1500
Wilmington, DE 19801

Counsel to David Boone Oilfield Consulting, Inc.
Ross & Smith, PC
Attn: Frances A. Smith
700 North Pearl Street, Suite 1610
Dallas, TX 75201

Securities and Exchange Commission - Regional Office
Securities & Exchange Commission - Fort Worth Office
David Woodcock Regional Director
Burnett Plaza
801 Cherry St., Ste. 1900 Unit 18
Fort Worth. TX 76102

Securities and Exchange Commission - Regional Office
Securities & Exchange Commission - NY Office
Attn: Bankruptcy Department
Brookfield Place
200 Vesey Street Ste 400
New York, NY 10281-1022

Top 30 Creditor
State of Texas
c/o Texas Comptroller of Public Accounts (Oil)
Attn: Account Maintenance Div: Crude Oil and Natural Gas Tax Section
111 E 17th Street
Austin, DC 78774-0100

Co-Counsel to the Official Committee of Unsecured Creditors
Stroock & Stroock & Lavan LLP
Attn: Kristopher M. Hansen, Frank A. Merola, Kenneth Pasquale, Erez E. Gilad & Jonathan D. Canfield
180 Maiden Lane
New York, NY 10038

Counsel to Railroad Commission of Texas and the University of Texas System
Texas Attorneys General Office, Bankruptcy & Collections Division
Assistant Attorneys General
Attn: Abigail Ryan, Todd Headden
P.O. Box 12548 - MC 008
Austin, TX 78711-2548

Counsel to Tennessee Attorney General's Office
TN Dept of Revenue
c/o TN Attorney General's Office, Bankruptcy Division
PO Box 20207
Nashville, TN 37202-0207

US Attorney for the Southern District of Texas
US Attorney for Southern District of Texas
Attn: Ryan K. Patrick
1000 Louisiana, Ste. 2300
Houston, TX 77002

Counsel to the Debtors and Debtors in Possession
Weil, Gotshal & Manges LLP
Attn: Alfredo R. Perez
700 Louisiana Street, Suite 1700
Houston, TX 77002

Counsel to Kinder Morgan Altamont, LLC, Camino Real Gathering Company, L.L.C., and EPC Building, LLC
White & Case LLP
Attn: Thomas E. Lauria, Michael C. Shepherd, Amanda A. Parra Criste
200 South Biscayne Blvd, Suite 4900
Miami, FL 33131-2352

Top 30 Creditor; Trustee of the 7.750% Senior Notes due 2022 and Trustee of the 9.375% Senior Notes due 2020
Wilmington Savings Fund Society FSB
Attn: Patrick Healy, Vice President
500 Delaware Avenue, 11th Floor
Wilmington, DE 19801

Counsel for United State Securities and Exchange Commission
Securities and Exchange Commission
Attn: Jolene M. Wise
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604

Top 30 Creditor
Storey Minerals, Ltd., Maltsberger/Storey Ranch, LLC, and Rene R. Barrientos, Ltd., Plaintiffs
Robert G. Hargrove
515 Congress Avenue, Suite 2450
Austin, DC 78701

Top 30 Creditor
Tesoro Refining & Marketing Company LLC
Attn: General Counsel
19100 Ridgewood Parkway
San Antonio, DC 78259

Top 30 Creditor
Texas Chrome Transport Inc.
Raul Mendez Jr.
16233 IH 35 South
Atascosa, TX 78002

Counsel to United States Department of the Interior, the Bureau of Ocean Energy Management, the Bureau of Safety and Environmental Enforcement, the Office of Natural Resources Revenue, the Bureau of Land Management, and the Bureau of Indian Affairs
U.S. Department of Justice, Civil Division
Attn: Eunice R. Hudson
P.O. Box 875 - Ben Franklin Station
Washington, DC 20044-0875

Top 30 Creditor
Utah State Tax Commission
Attn: Bankruptcy Department
210 North 1950 West
Salt Lake City, UT 84134

Counsel to the Debtors and Debtors in Possession
Weil, Gotshal & Manges LLP
Attn: Matthew Barr; Ronit Berkovich; Scott Bowling; David Cohen
767 Fifth Avenue
New York, NY 10153

Counsel for J. Aron & Company LLC
Willkie Farr & Gallagher LLP
Attn: Ana M. Alfonso
787 Seventh Ave
New York, NY 10019

Counsel for Signal Peak Silica, LLC
Winstead PC
Attn: Sean B. Davis
600 Travis Street
Suite 5200
Houston, TX 77002

Counsel for the State of Louisiana, through Department of Natural Resources, Office of Mineral Resources
State of Louisiana, Office of the Attorney General
Attn: Ryan M. Seidemann, Christopher J. Lento
P. O. Box 94005
Baton Rouge, LA 70804

Counsel to the Ad Hoc Unsecured Noteholder Group
Stroock & Stroock & Lavan LLP
Attn: Kristopher Hansen and Jonathan Canfield
180 Maiden Lane
New York, NY 10038

Top 30 Creditor
Tetra Production Testing Services, LLC
Brady M. Murphy
24955 Interstate 45 North
The Woodlands, TX 77380

Top 30 Creditor
Texas Fueling Services, Inc.
Hanan Tuchshnieder
4220 Laura Koppe Road
Houston, TX 77016-5026

Top 30 Creditor
University Lands
Attn: General Counsel
825 Town and Country Lane
Suite 1100
Midland, TX 77024

Top 30 Creditor
Weatherford International Plc.
Attn: General Counsel
2000 St. James Place
Houston, TX 77056

Counsel to Kinder Morgan Altamont, LLC, Camino Real Gathering Company, L.L.C., and EPC Building, LLC
White & Case LLP
Attn: Jason N. Zakia, Erin Rosenberg
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-5055

Counsel for J. Aron & Company LLC
Willkie Farr & Gallagher LLP
Attn: Jennifer J. Hardy
600 Travis Street
Houston, TX 77002

**PARTIES SERVED BY EMAIL**

brent.wyatt@akerman.com

JohnHughes@allengooch.com
AlanMeche@AllenGooch.com

kmaraist@albmlaw.com

jjudd@andrewsmyers.com

christopher.odell@arnoldporter.com

ginger.clements@arnoldporter.com

jonathan.levine@arnoldporter.com

courtney.hull@oag.texas.gov

Jason.Starks@traviscountytx.gov

courtdocs@bakerassociates.net

jim.prince@bakerbotts.com
kevin.chiu@bakerbotts.com
fareed.kaisani@bakerbotts.com

info@basicenergyservices.com

bankruptcy@burgerlawfirm.com

mwarner@coleschotz.com
bwallen@coleschotz.com

smarmon@cjmhlaw.com

lhearne@davidsonsummers.com

slevinson@debevoise.com
destroik@debevoise.com

vince.slusher@dbr.com
kristen.perry@dbr.com
james.millar@dbr.com

jeannejacobs12@hotmail.com

tpitta@emmetmarvin.com
etaraila@emmetmarvin.com

eric@ericterrylaw.com

LinhThu Do, Case Manager to the Honorable Marvin P. Isgur:
Linhthu_Do@txs.uscourts.gov.

Patrick.long@squirepb.com

MBouslog@gibsondunn.com

MRosenthal@gibsondunn.com

abraun@glllaw.com

mbishop@grayreed.com
acarson@grayreed.com

billrichey@griffinandmatthews.com

mpetrocchi@lawgjm.com

kent@aguillardlaw.com

ssoule@hallestill.com

colletta@chaffe.com

patrick.hughes@haynesboone.com
arsalan.muhammad@haynesboone.com
david.trausch@haynesboone.com

taddavidson@HuntonAK.com
josephrovira@HuntonAK.com
edwardclarkson@HuntonAK.com

info@jwenergy.com

jbain@joneswalker.com
myoungjohn@joneswalker.com

mridulfo@krcl.com

katherine.hopkins@kellyhart.com

pguinee@lbfoster.com

tkmoore3@gmail.com

info@lesliewmadams.com

austin.bankruptcy@publicans.com

sanantonio.bankruptcy@publicans.com

dallas.bankruptcy@publicans.com

houston_bankruptcy@publicans.com

chalgren@mcginnislaw.com

ckelley@mayerbrown.com

stscott@mayerbrown.com
ckelley@mayerbrown.com

stscott@mayerbrown.com
agavant@mayerbrown.com
jnetznik@mayerbrown.com

tleday@mvbalaw.com

chalgren@mcginnislaw.com

guzzi@milbank.com
estodola@milbank.com

jwalker@milmen.com

djenkins@mofo.com

info@nglep.com

Hector.Duran.Jr@usdoj.gov
stephen.statham@usdoj.gov

cadams@okinadams.com

dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com

rfeinstein@pszjlaw.com

jsaferstein@paulweiss.com
jadlerstein@paulweiss.com
bbolin@paulweiss.com

carce@pbfcm.com

jbanks@pbfcm.com

lmbkr@pbfcm.com

osonik@pbfcm.com

hugh.ray@pillsburylaw.com
william.hotze@pillsburylaw.com
jason.sharp@pillsburylaw.com

tmonsour@polsinelli.com

jhiggins@porterhedges.com
eenglish@porterhedges.com

EPEnergyteam@primeclerk.com
serviceqa@primeclerk.com

KGwynne@ReedSmith.com
JAngelo@reedsmith.com

llim@reedsmith.com
rithompson@reedsmith.com

writchie@rashchapman.com

frances.smith@judithwross.com

secbankruptcy@sec.gov
NYROBankruptcy@sec.gov

bankruptcynoticeschr@sec.gov

wisej@sec.gov

carlos@ssmlawyers.com

bankruptcy.section@cpa.texas.gov

rob@texasenergylaw.com

khansen@stroock.com
jcanfield@stroock.com

khansen@stroock.com
fmerola@stroock.com
kpasquale@stroock.com
egilad@stroock.com
jcanfield@stroock.com

abigail.ryan@oag.texas.gov
todd.headden@oag.texas.gov

raul@teamtct.com
hanan@texasfueling.com

michael.willey@ag.tn.gov
seth.shapiro@usdoj.gov

eunice.r.hudson@usdoj.gov

marinathomas@agutah.gov
taxmaster@utah.gov

alfredo.perez@weil.com

matt.barr@weil.com
ronit.berkovich@weil.com
scott.bowling@weil.com
davidj.cohen@weil.com

jzakia@whitecase.com
erin.rosenberg@whitecase.com

tlauria@whitecase.com
mshepherd@whitecase.com
aparracriste@whitecase.com
aalfonso@willkie.com
jhardy2@willkie.com

PHealy@WSFSBank.com
sbdavis@winstead.com