**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **EP ENERGY CORPORATION, *et al.*,** | § | **Case No. 19-35654 (MI)** |
| | § | |
| | § | **Jointly Administered** |
| | § | |
| **Reorganized Debtors.**[1] | § | |
| | § | |
| | § | |

**REORGANIZED DEBTORS' APPLICATION FOR ENTRY OF**
**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

EP Energy Corporation and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**" and, as reorganized entities, the "**Reorganized Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

## Relief Requested

1. Pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092). The Debtors' primary mailing address is 601 Travis St., Suite 1400, Houston, TX 77002.

(the "**Bankruptcy Rules**"), the Reorganized Debtors seek entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Final Decree**"), closing certain of the chapter 11 cases of the Reorganized Debtors on the list attached to the Proposed Final Decree as **Appendix 1** (collectively, the "**Closing Debtors**").

2. The chapter 11 case of Reorganized Debtor EP Energy E&P Company, L.P. ("**EP Operating Company**") (Case No. 19-35647 (MI)) will remain open to provide the Reorganized Debtors the opportunity to finalize the process of resolving any contested matters and reconciling, objecting to, and resolving claims, all of which the Reorganized Debtors anticipate will be substantially completed in the near term.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On October 3, 2019 (the "**Petition Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtors' chapter 11 cases were jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

6. On August 27, 2020, the Court entered the *Proposed [sic] Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis, (II) Confirming Modified Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its*

*Affiliated Debtors and (III) Granting Related Relief* (Docket No. 1411) (the "**Confirmation Order**"), confirming the *Modified Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors* (Docket No. 1399) (the "**Plan**"). Pursuant to Confirmation Order ¶ 46, the Confirmation Order is a final order, and the period in which an appeal must be filed commenced upon entry of the Confirmation Order.

7. On October 1, 2020 the Plan became effective and the Debtors emerged as the Reorganized Debtors. See *Notice of (I) Effective Date, (II) Entry of Order Approving Disclosure Statement On Final Basis, and (III) Entry of Order Confirming Fifth Amended Joint Chapter 11 Plan of EP Energy Corporation and Its Affiliated Debtors* (Docket No. 1454).

8. As contemplated and required by the Plan and the Confirmation Order, all documents and agreements necessary to implement the Plan were executed or will be executed in accordance with the terms of the Plan and the Confirmation Order.

9. All claims of creditors in the chapter 11 cases have been or will be paid, resolved, or disputed consistent with the relevant provisions of the Plan. There are a limited number of claims at the Closing Debtors that are outstanding and yet to be resolved. Among other distributions, the Convenience Claim distribution amount has been funded, and the New Common Shares have been paid in accordance with section 5.10 of the Plan.

10. The Debtors have worked to resolve a number of claims, and continue to attempt to resolve outstanding disputed claims. The Debtors have filed seventeen omnibus objections to claims (Docket Nos. 653-657, 707-709, 1343-1344, 1435-1440, and 1496). On March 14, 2020, August 24, 2020, November 9, 2020, and November 12, 2020, respectively, the Court entered sixteen orders sustaining the Debtors' objections to the undisputed claims objections (Docket Nos. 1169-1176, 1391-1392, 1498-1502, and 1512).

11. All professional fees, if not already paid, will be paid in accordance with section 6.16 of the Plan by EP Operating Company. The Debtors have funded the Professional Fee Escrow account in accordance with section 2.2 of the Plan.

12. All expenses arising from the administration of the Closing Debtors' estates and chapter 11 cases, including court fees and fees arising under 28 U.S.C. § 1930(a)(6) (the "**Section 1930 Fees**"), have been paid or will be paid in accordance with ¶ 26 of the Confirmation Order. The total quarterly U.S. Trustee fees paid by the Closing Debtors for the third quarter of 2020 was approximately $638,000. The total quarterly U.S. Trustee fees paid by the Closing Debtors for the fourth quarter of 2020 will be paid when it comes due.

13. All transactions and distributions required to be made under the Plan have been made or will be made in accordance with the terms thereof. The Debtors have funded the amounts to be distributed under the Plan, including the Professional Fee Escrow Account, the Convenience Claim Disbursement Account, and have reserved for any disputed claims under the Plan. In addition, the Debtors have caused, through the disbursing agent, the shares to be distributed under the Plan.

14. With respect to adversary proceedings related to the Closing Debtors, in the case of (i) *UMB Bank, NA v. EP Energy Corporation, et al.* (Adv. Pro. No. 20-03020) (the "**UMB Adversary Proceeding**"), UMB Bank, National Association filed the *Notice of Dismissal* (Docket No. 47) on October 2, 2020, dismissing the UMB Adversary Proceeding, and (ii) the Court has dismissed the case of *McKinley Houston, et all v. EP Energy Corporation*, Adv. Proc. No. 19-3698 ("**Houston Brothers Adversary Proceeding**"; and such Judgment dismissing the case, with prejudice, the "**Judgment**"), which Judgment is on appeal to the United States District Court. Each of the MSB Adversary Proceedings are pending against EP Operating Company, and

therefore, the Court will retain jurisdiction over those cases under the remaining case of EP Operating Company.

15. Although EP Energy Corporation is a party to the Houston Brothers Adversary Proceeding, this Court has entered its Judgment in the Debtors favor, and the Judgment is now on appeal before the District Court. To the extent the Court needed to exercise jurisdiction over the Houston Brothers Adversary Proceeding, the Debtors submit it could do so pursuant to the remaining chapter 11 case.

**Basis for Relief**

16. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

17. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

1) whether the order confirming the plan has become final;

2) whether deposits required by the plan have been distributed;

3) whether the property proposed by the plan to be transferred has been transferred;

4) whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

5) whether payments under the plan have commenced; and

6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note.

18. Courts have generally used the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered *See, e.g.*, *In re Clayton*, 1996 U.S. App. LEXIS 43364, *2 (5th Cir. Oct. 15, 1996) ("Although rule 3022 does not define 'fully administered,' the Advisory Committee Notes provide some guidance, listing various factors a court should consider in determining whether an estate has been fully administered"); *In re Valence Tech., Inc.*, 2014 Bankr. LEXIS 4429, *2-3 (Bankr. W.D. Tex. Oct. 17, 2014); *In re Gould*, 437 B.R. 34, 37 (Bankr. D. Ct. 2010); *In re Jay Bee Enter., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997). The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See Mold Makers*, 124 B.R. 766, 768 (Bank. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree"); *see also Walnut Associates v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994).

19. Courts have previously entered final decrees notwithstanding remaining future payments were contemplated under a chapter 11 plan. *See, e.g., In re Gen. Dev. Corp.*, 180 B.R. 303, 306 (Bankr. S.D. Fla. 1995) (fact that there might be further redistribution of stock and notes by reorganized debtor as well as continuing payments of cash to certain creditors did not prevent bankruptcy court from entering final decree closing consolidated Chapter 11 cases based on substantial consummation of Chapter 11 plan); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) ("Although the debtor has not completed the plan payments, that does not prevent a case from being fully administered."); *In re Mendez*, 464 B.R. 63, 65 (Bankr. D. Mass. 2011) (individual Chapter 11 case need not remain open during the entire post-confirmation period only

because a discharge has not entered and plan payments have not been completed). Indeed, the Advisory Committee Notes to Bankruptcy Rule 3022 expressly provide that "entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." Fed. R. Bankr. P. 3022, Advisory Comm. Note.

20. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated. *See e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same). Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as "(a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan."

21. Bankruptcy courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1991)); *see also In re Federated Department Stores, Inc.*, 43 Fed. Appx. 820, 822 (6th Cir. 2002) ("A court should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered."); *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the advisory committee note when deciding whether to close a case); *Ericson v. IDC*

*Servs., Inc. (In re IDC Servs., Inc.)*, Ch. 11 Case No. 93 B 45922 (SMB), 1998 WL 547085, at *3 (S.D.N.Y. Aug. 28, 1998) ("[T]he approach that looks to the Advisory Note provides a more complete and flexible standard for determining when to close a chapter 11 case, and is therefore preferable."); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) ("Rule 3022 allows the court flexibility. It does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid."); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

**Chapter 11 Cases of Closing Debtors Have Been Fully Administered**

22. The Closing Debtors have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing these cases. The Confirmation Order was entered on August 27, 2020, and the Plan has been substantially consummated. Among other things:

a) the Confirmation Order has become final and is non-appealable;

b) all payments required to be made pursuant to the Plan have been paid;

c) Other than with respect to the Houston Brothers Adversary Proceeding, there are no open contested matters or adversary proceedings that require the cases to remain open;

d) all of the transactions contemplated by the Plan have closed; and

e) the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

23. The foregoing factors support closing the Closing Debtors. The fact that the Debtors are still reviewing and resolving a limited number of claims does not require that the Closing Debtors remain open until all such claims are resolved and distributions are made. *Jay Bee Enters.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter

11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid"). The Court will retain jurisdiction over all remaining proofs of claim filed against the Debtors in the Closing Debtors through the case of EP Operating Company, and all distributions will be made as if grouped at EP Operating Company. The Debtors are not seeking to close the case of EP Operating Company at this time. Notably, the bulk of claims yet to be resolved are against EP Operating Company. This is consistent with section 3.2 of the Plan, which provides that "The Plan groups the Debtors together solely for the purpose of describing treatment under the Plan, confirmation of the Plan, and making Plan Distributions in respect of Claims against and Interests in the Debtors under the Plan." Moreover, as mentioned above, pursuant to section 7.11 of the Plan, the Reorganized Debtors have the authority to resolve all outstanding Claims against the Debtors in accordance with the Plan or any mechanism approved by the Bankruptcy Court.

24. To the extent necessary, however, the Court will retain jurisdiction over any issues relating to the Closing Debtors, including the resolution of Claims, given that the EP Operating Company case will remain open. Therefore, leaving EP Operating Company's case open will provide an additional avenue for resolving any issues that may arise that relate to the Closing Debtors, without the need to reopen those cases. Other than resolving outstanding claims (which the Debtors propose to effectuate through the case of EP Operating Company), there is no other purpose for keeping the Closing Debtors open.

25. In addition to the reasons explained above, closing the Closing Debtors will relieve the Court, the Office of the United States Trustee for the Southern District of Texas, and the Debtors from each of their administrative burdens with respect to the Closing Debtors. Indeed, closing the Closing Debtors will alleviate the Debtors' obligation to pay quarterly fees under

section 1930 of title 28 of the United States Code for the Closing Debtors. *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid *ad infinitum*"). The Debtors have paid approximately $2 million in U.S. Trustee fees in these cases and estimate that approximately $660,000 in U.S. Trustee fees will be due for the next quarterly payment due January 31, 2020 for the quarter ending December 31, 2020. Unless and until the Bankruptcy Court enters a final decree closing the Closing Debtors, the Reorganized Debtors must continue paying U.S. Trustee fees while the Closing Debtors unnecessarily remain open.

26. The Bankruptcy Court's role in administering the chapter 11 cases of the Closing Debtors is complete. "The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Notes (1991). Furthermore, any party in interest may petition the Bankruptcy Court to reopen any of the Closing Debtors' chapter 11 cases pursuant to section 350(b) of the Bankruptcy Code, despite the entry of the final decree closing those cases. *See* Fed. R. Bankr. P. 5010. Accordingly, entry of a final decree closing the chapter 11 cases of the Closing Debtors is warranted.

**Notice**

WHEREFORE the Reorganized Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 16, 2020
Houston, Texas

/s/ [*Alfredo R. Pérez*

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
Stephanie Morrison (admitted *pro hac vice*)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
Clifford.Carlson@weil.com
Stephanie.Morrison@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Ronit Berkovich (admitted *pro hac vice*)
Scott R. Bowling (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice)*
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
Ronit.Berkovich@weil.com
Scott.Bowling@weil.com
DavidJ.Cohen@weil.com

*Attorneys for Debtors*
*and Reorganized Debtors*

**Certificate of Service**

I hereby certify that, on November 16, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/Alfredo R. Pérez*
Alfredo R. Pérez